UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14085-CIV-MIDDLEBROOKS/WHITE

DEWITT FERGUSON,

    Petitioner,

vs.

UNITED STATES,

    Respondent,
_____/

## ORDER

THIS CAUSE comes before the Court upon the Petitioner's Motion to Withdraw Every Motion (DE 29) wherein the Petitioner seeks to withdraw all of the filings related to this case. The Court has reviewed the Motion and is otherwise fully informed of the Premises.

On March 31, 2006, Petitioner filed his "Notice for Hearing Ineffective Indictment." On April 11, 2006, Magistrate Judge Patrick White issued an Order informing Petitioner of : (1) his intent to re-characterize Petitioner's Motion as a Motion to Vacate pursuant to 28 U.S.C. 2255; and (2) that such reclassification might have future preclusive consequences as required by *Castro v. United States*, 540 U.S. 375 (2003). The Order further informed Petitioner that such a result could be avoided by withdrawing his initial Petition.

Specifically, the April 11, 2006 Order directed that:

    1.    On or before May 8, 2006, [Petitioner] shall file a notice with the Court, in which he either (a) agrees to the recharacterization of his criminal motion as a §2255 motion, or (b) withdraws the criminal motion, rather than have

the Court recharacterize it as a §2255 motion.

2. If he agrees to the recharacterization of his criminal motion, he <u>must</u> amend his pleading to include any additional claims he wishes to raise, and file his complete 2255 motion on the form provided with this order.

Petitioner failed to respond to Judge White's Order regarding the 2255 recharacterization. Accordingly, although not required by *Castro*, Judge White gave Petitioner another bite at the apple on July 13, 2007 by issuing an Order virtually identical to the April 11th Order, and giving Petitioner an additional period up to and including August 7, 2006 to either withdraw his criminal motion or pursue under Section 2255. On July 20, 2006, Petitioner filed a "Motion to Go Forward/ for Clarification of Motion to Vacate, Set Aside or Correct Sentence" as well as a "Motion for Ineffective Indictment, New Discovered Evidence, Fraudulent Case and Entrapment." On August 31, Judge White issued a Show Cause Order acknowledging Petitioner's agreement to move forward under 2255 and requiring the Respondent to show cause why the Petition should not be granted. Review of the Docket indicates that Petitioner actively pursued his claims.

On November 27, 2006, Judge White issued a Report and Recommendation recommending that Petitioner's claims be denied on their merits. Petitioner had ten days within which to file his objections to Judge White's R&R. On January 29, 2007, after conducting an independent review of Petitioner's claims, and after noting that Petitioner had failed to file any objection to Judge White's R&R, I entered an Order Adopting the R&R and closing this case.

Over six months later, Petitioner commenced numerous filings in this case. The filings

appear to seek a retroactive withdrawal of Petitioner's initial criminal filings. Specifically, Petitioner appears to be attempting to get this Court to allow him to withdraw all of his previously filed claims, which had been construed as a motion to vacate, set aside or correct sentence pursuant to 2255, and more particularly, to undue their classification as 2255 claims, so as to preserve his right to file a valid 2255.

Petitioner claims that his attorneys were supposed to establish that his earlier convictions in State proceedings were either void or otherwise inapplicable to any sentencing enhancement, and that they did not do so, and so he wants to preserve his claims under 2255. However, the Petitioner provides the Court with no legal basis upon which it can perform this legal mulligan, and the Court is unaware of any such legal basis. Accordingly, the Petitioner's requests must be denied. He remains free to apply to the Eleventh Circuit for permission to file a second successive 2255 Motion. It is therefore,

ORDERED and ADJUDGED that the Petitioner's Motion to Withdraw Every Motion this Court Recharacterized and Characterized as a 2255 Motion and Withdraw Filed 2255 on Attorney 2007 Edward Reagan (DE 29) be, and is hereby DENIED. It is further,

ORDERED and ADJUDGED that the Clerk of Court shall DENY the remainder of Petitioner's Motions as MOOT.

DONE and ORDERED in Chambers, at West Palm Beach, Florida this _6_ day of August, 2007.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to all counsel of record*
Counsel for Petitioner is instructed to provide Petitioner with a copy of this Order.